UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD JOHNSON,

Plaintiff,

v.

IMAM J. YASAR,

Defendant.

---

**REPORT AND RECOMMENDATION**

20-cv-00810(JLS)(JJM)

Plaintiff Richard Johnson commenced this 42 U.S.C. §1983 action *pro se*, asserting a claim for violation of his religious rights. *See* Complaint [1].[1] This action has been referred to me by Hon. John L. Sinatra, Jr. for supervision of pretrial proceedings [15]. For the following reasons, I that recommend Johnson's case be dismissed pursuant Fed. R. Civ. P. ("Rule") 41(b).

**BACKGROUND**

All Johnson's claims for relief have been dismissed, except his claim for nominal damages. *See* Report and Recommendation [19], adopted, Decision and Order [22]. By Order dated September 5, 2023 [27], I scheduled a telephonic preliminary pretrial conference for October 3, 2023, provided the telephone number for the conference, and cautioned that "failure

---

1 Bracketed references are to the CM/ECF docket entries, and page references are to the CM/ECF pagination.

to be present at the scheduled time may be considered a failure to participate". Id. at 1. A copy of this Order was mailed to Johnson at the address provided to the court. Id.

However, Johnson failed to appear for the October 3, 2023 telephonic conference, without excuse. *See* October 3, 2023 Text Order [28]. This prompted me to reschedule the conference to October 19, 2023, via Text Order [29], which was again mailed to Johnson's address. That Text Order once more provided the telephone number for the conference and warned Johnson that his "**unexcused failure to participate in the October 19, 2023 conference will result in my recommendation that the case be dismissed pursuant to Fed. R. Civ. P. 41(b)"**. Id. (emphasis in original). Again, Johnson failed to appear without excuse at the rescheduled preliminary pretrial conference. *See* [30].

Since neither my September 5, 2023 Order nor my October 3, 2023 Text Order have been returned as undeliverable, there is no reason to believe that Johnson was unaware of the two conferences. *See* Loc. R. Civ. P. ("Local Rule") 5.2(d) ("[t]he Court will assume that the litigant has received papers sent to the address they provide"). Nor has he communicated with my chambers to offer any excuse for his failure to participate.

**DISCUSSION**

Rule 41(b) states that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order". "Under that Rule and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." Taub v. Hale, 355 F.2d 201, 202 (2d Cir. 1966). Although dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations," Theilmann v.

Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corporation v. Loews Corporation, 682 F.2d 37, 42 (2d Cir. 1982).

In determining whether dismissal is warranted, I must consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). "Generally, no one factor is dispositive." Nita v. Connecticut Department of Environmental Protection, 16 F.3d 482, 485 (2d Cir. 1994).[2]

I recognize that "*pro se* plaintiffs should be granted special leniency regarding procedural matters." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." Jacobs v. County of Westchester, 2008 WL 199469, *3 (S.D.N.Y. 2008).

Johnson has failed to comply with two of my Orders, without excuse. [27-30]. In those Orders, I warned that failure to appear would be considered failure to participate, which would lead to my recommendation that the case be dismissed for failure to prosecute. *See*

---

2 "[W]hile a district court is not required to expressly discuss these factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning". Hunter v. New York State Department of Correctional Services, 515 Fed. Appx. 40, 42 (2d Cir. 2013) (Summary Order).

September 5, 2023 Preliminary Pretrial Conference Order [27] at 1 ("[f]ailure to be present at the scheduled time may be considered a failure to participate"); October 3, 2023 Text Order [29] ("[p]laintiff's unexcused failure to participate in the October 19, 2023 conference will result in my recommendation that this case be dismissed pursuant to [Rule] 41(b)"). Since the Orders were mailed to the address which Johnson provided and were not returned, he was on notice that failure to appear for these conferences could result in the dismissal of his case. *See* Local Rule 5.2(d).[3]

Although the delay caused thus far by Johnson's failure to participate has not been substantial, "[t]o hold this action in abeyance until [he decides] to contact the [c]ourt would undermine the [c]ourt's ability to manage its caseload and prejudice defendants' interest in resolving the allegations against them". Clarke v. Anderson, 2012 WL 6706834, *2 (W.D.N.Y. 2012). *See also* Lopez v. Catholic Charities of Archdiocese of New York, 2001 WL 50896, *4 (S.D.N.Y. 2001) ("[t]here is no 'magic number' of months required for dismissal under Rule 41(b)" and "courts have granted such motions on delays of four months or less where circumstances warranted dismissal"). This is especially true in "a heavily congested court with a large backlog of cases," such as this one. Shapiro v. Darel, 2023 WL 5533501 *2 (W.D.N.Y.), adopted, 2023 WL 5532320 (W.D.N.Y. 2023).

In weighing Johnson's interest in being heard against the court's interest in managing its docket, the fact that Johnson "repeatedly disobeyed" my Orders to appear indicates a disinterest in being heard. *See* Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y.

[3] Local Rule 5.2(d) also mandates that a *pro se* litigant "inform the Court immediately, in writing, of any change of address." Johnson failed to provide the court with an updated address upon his release from Fishkill Correctional Facility [21], which on its own warrants dismissal of the case with prejudice.

2004). The court has provided sufficient opportunity for Johnson to prosecute his claim, and his failure to do so "vastly diminishes his right to have his claim heard". Id.

Since Johnson twice had notice that he was required to appear, but repeatedly failed to appear without explanation, I have "no reason to believe that lesser sanctions would be effective." Shannon v. General Electric Co., 186 F.3d 186, 196 (2d Cir. 1999); *see* Antonios A. Alevizopoulos and Associates, Inc. v. Comcast International Holdings, Inc., 2000 WL 1677984, *2 (S.D.N.Y. 2000) (lesser sanctions are inappropriate where plaintiff "failed to abide by the Court's orders, even when the Court has granted him extensions and second chances").

**CONCLUSION**

For these reasons, I recommend that the case be dismissed, on the merits, for failure to prosecute pursuant to Rule 41(b). Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by November 13, 2023. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 26, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge